IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02265-TPO

ARMANDO PULIDO VASQUEZ,

      Petitioner,

v.

GEORGE VALDEZ,
Acting Field Office Director, Denver Field Office,
Immigration and Customs Enforcement;
MARKWAYNE MULLIN,
Secretary, Department of Homeland Security;
TODD BLANCHE,
Acting U.S. Attorney General;
JUAN BALTASAR,
Warden of Denver Contract Detention Facility;

in their official capacities, and

U.S. DEPARTMENT OF HOMELAND SECURITY; and
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,

      Respondents.

---

**MINUTE ORDER**

---

**Entered by Timothy P. O'Hara, United States Magistrate Judge, on July 2, 2026.**

      Based on the Tenth Circuit's decision in *Quiroz v. Mullin*, -- F.4th --, 2026 WL 1876709 (10th Cir. June 30, 2026), the Respondents' argument that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A) is now foreclosed. This Court finds, consistent with *Quiroz*, the Petitioner is detained pursuant to 8 U.S.C § 1226(a) and is entitled to a bond redetermination hearing. The Petition [ECF 1] therefore is **granted**. The Court orders that: 1) Respondents shall conduct such hearing **within four business days, by July 9, 2026**, and 2) the burden of proof shall be on the government to demonstrate by clear and convincing evidence that continued detention is justified, *see Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at **4-5 (D. Colo. Feb. 24, 2026) (collecting cases). If Petitioner is not provided a bond determination hearing within this time, the Respondents **shall release** Petitioner. *See Quiroz*, 2026 WL 1876709, at *17n.13 (remanding to district court to order government to either provide a bond hearing or else release the petitioner). The Parties shall file a status report within **five business days** of this Order, **by July 10, 2026**, apprising the Court on whether the bond hearing

was held, the result of such hearing, and/or whether Petitioner was released because of such hearing or in compliance with this Order. All other claims raised by Petitioner are **denied as moot.**

Petitioner's Motion to Expedite [ECF 11] is also **denied as moot**.